## Link Belt Machinery Co. v. George R. H. Hughes, Standard Eggette Coal Co. and Fuel Patents Co.

1. RECEIVER—*When he Must Pay Rent.*—While a receiver continues to hold possession of premises leased to the party over whose estate the receivership is, he must pay rent therefor; it is a part of the expenses of the administration.

Receivership.—Intervening petition. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

### STATEMENT OF THE CASE.

This is an appeal from a decree entered in the Superior Court of Cook County in the matter of the intervening petition of appellee, filed in a suit of appellants against the Standard Eggette Coal Company et al., in and by which decree the lower court confirmed the report of the master in chancery, to whom the said petition had been referred, to take proof and report his conclusions of law and facts therein; the decree found that the sum of $2,218 then in the hands of the receiver of the Standard Eggette Coal Company belonged to, and by said decree was ordered to be turned over to the appellee herein; the court decreed a superior claim on the same by virtue of the occupancy by the receiver of certain premises, under a lease thereof, theretofore entered into between the said Standard Eggette Coal Company and the said George R. H. Hughes, appellee.

The suit as originally filed, was in the nature of a creditor's bill, founded upon a judgment obtained by appellant against the Standard Eggette Coal Company on the 2d day of January, A. D. 1894; in which bill complainant below, among other things, prayed that a receiver might be appointed, which was done, and the possession of all the property of said Standard Eggette Coal Company was turned over to the receiver, and he entered into possession

thereof. By an order of court subsequently entered the receiver was directed to continue the business of said Standard Eggette Coal Company, which he proceeded to do; in pursuance of said order of court, and while proceeding to continue the business of said coal company, said receiver retained possession of the premises upon which was conducted the business of said coal company, and incurred certain indebtedness and paid out moneys in furtherance thereof.

BRECKENRIDGE & RICH, attorneys for appellant.

H. S. & F. S. OSBORNE, and R. F. PETTIBONE, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The amount which the receiver was ordered to pay to appellee, was only equal to the rent which had accrued upon the lease during the time the premises were held and occupied by the receiver.

That while a receiver continues to hold possession of premises leased to the party over whose estate the receivership is, he must pay rent therefor, is well established.

The charge for rent of premises held and occupied by the receiver is a part of the expense of administration. White v. More, Assignee, 54 Ill. App. 606; Spencer, Trustee, v. World's Columbian Exposition, 58 Ill. App. 637; Smith v. Goodman, 149 Ill. 75; High on Receivers, Sec. 273; Webster v. Nichols, 104 Ill. 160; Gluck on Receivers, 273.

The decree of the Superior Court is affirmed.